**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JIMMY DON RIGGS,

        Petitioner-Appellant,

v.

CHARLES CRANDELL, Warden,
Central Arizona Detention Center;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 98-2041
(D.C. No. CIV-97-1001-BB/LCS)
(D. N.M.)

JERRY LEON ELLIS, JR.,

        Petitioner-Appellant,

v.

RON WARD,

        Respondent Appellee.

No. 98-6045
(D.C. No. CIV-97-1117-T)
(W.D. Okla.)

CEDRICK L. JACOBS,

        Petitioner-Appellant,

v.

TOM C. MARTIN, Warden,

        Respondent-Appellee.

No. 98-6078
(D.C. No. CIV-97-1327)
(W.D. Okla.)

THOMAS HALVERSON,

        Petitioner-Appellant,

v.

OKLAHOMA DEPARTMENT
OF CORRECTIONS,

        Respondent-Appellee.

No. 98-6073
(D.C. No. 97-CV-1449)
(W.D. Okla.)

JOHN WARREN MUNN,

        Petitioner-Appellant,

v.

H.N. SCOTT; ATTORNEY
GENERAL OF THE STATE
OF OKLAHOMA,

        Respondents-Appellees.

No. 98-6057
(D.C. No. 97-CV-1312)
(W.D. Okla.)

KEVIN K. OGDEN,

        Petitioner-Appellant,

v.

RON LYTLE, Warden; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

        Respondents-Appellees.

No. 98-2094
(D.C. No. CIV-97-1021-MV)
(D. N.M.)

ALVIN LYNN ALEXANDER,

Petitioner-Appellant,

v.

H.N. SCOTT,

Respondent-Appellee.

No. 98-6221
(D.C. No. 98-CV-99)
(W.D. Okla.)

## ORDER AND JUDGMENT [*]

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

These companioned appeals all share a common issue: whether the habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 are time-barred in light of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-3-

Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C.A. §§ 2244(d)(1)-(d)(2) (West Supp. 1998)). AEDPA amended § 2254, adding a one-year statute of limitations for filing habeas corpus petitions. The limitations period generally begins to run from the date on which a prisoner's direct appeal from his conviction became final. *See* 28 U.S.C. § 2244(d)(1). In light of the retroactivity problems that might arise for prisoners whose convictions became final before the effective date of AEDPA (April 24, 1996), this court, like the other circuits, created a grace-period. We held that for petitioners whose convictions became final before the effective date of AEDPA, the one-year limitations period does not begin to run until April 24, 1996, *see Hoggro v. Boone,* 150 F.3d 1223, 1225 (10th Cir. 1998), and those petitions must be filed *before* April 24, 1997, *see United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997) (§ 2255), to be within the one-year limitations period.

We have also held that the tolling provision set forth in § 2244(d)(2), which provides that the limitations period is tolled during the time that a properly filed application for state post-conviction relief is pending, applies to the judicially-created grace period for prisoners whose convictions became final before the effective date of AEDPA. *Hoggro,* 150 F.3d at 1226. In each of these appeals, the district court entered its order dismissing the petitions as time-barred before we resolved the issue of the applicability of the tolling provision in the

-4-

grace-period in *Hoggro.* We will discuss the factual scenario and analyze each appeal separately in light of our decision in *Hoggro.*

<u>98-2041</u>

Contrary to the magistrate judge's finding in this case, petitioner submitted his § 2254 petition to prison officials for mailing on July 9, 1997, and, therefore, that is the filing date. [1] *See Hoggro*, 150 F.3d at 1226 n.3 (applying *Houston v. Lack*, 487 U.S. 266, 270 (1988), to habeas petition). Appellees concede that July 9, 1997 is the date on which the § 2254 petition was filed. Appellees' Supp. Br. at 1. Contrary to appellees' representation in their supplemental brief, neither the district court nor the magistrate judge applied the tolling provision in this case. Therefore, we must remand this case to the district court in light of *Hoggro*, with specific instructions that it apply the tolling provision in determining whether the § 2254 petition is time-barred. The district court is instructed to recognize that the petition was filed on July 9, 1997. Further, the district court must address petitioner's argument that the tolling period should begin on April 14, 1997, the date he delivered his state post-conviction petition for filing, rather than April 21, 1997, the date the petition was received by the state court.

---

[1] The magistrate judge referred to the § 2254 petition filing date as July 28, 1997, the date the petition was file-stamped by the Clerk of the District Court. This was error.

Finally, the district court should consider the effect, if any, of petitioner's contention that he did not receive the New Mexico Supreme Court's denial of his petition for writ of certiorari, which was entered by the court on July 3, 1997, until July 7, 1997. All of these matters must be carefully considered because the timeliness of the petition is within a matter of days, and petitioner's success on any one of these arguments could make the difference in his § 2254 petition being timely or time-barred.

The application of a certificate of appealablity is **GRANTED**, and the case is **REMANDED** for further proceedings consistent with this order and judgment.

## 98-6045

In light of *Hoggro*, we must reverse the district court's conclusion that the tolling provision did not apply to the judicially created grace period. Petitioner's state post-conviction proceedings began on March 28, 1997, and the denial of state post-conviction relief was affirmed on June 17, 1997. Thus, the limitations period for the filing of the § 2254 petition was tolled for 82 days during the pendancy of the state post-conviction proceedings. Accordingly, the date by which the § 2254 petition must have been filed was July 14, 1997. Petitioner filed his § 2254 petition on July 8, 1997. The petition was timely filed after application of the tolling provision.

-6-

This court granted a certificate of appealability on April 6, 1998.

We **REVERSE** the district court's dismissal of the petition as time-barred, and we **REMAND** the case to the district court for further proceedings.

<u>98-6078</u>

In light of our holding in *Hoggro*, we must reverse the district court's conclusion that the tolling provision is not applicable to the judicially created grace period. Petitioner filed his state post-conviction petition on March 28, 1997, and the Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief on August 6, 1997. Thus, the limitations period was tolled for the 132 days that the post-conviction proceedings were pending in state court, resulting in a filing deadline of September 3, 1997. Petitioner filed his § 2254 petition on August 14, 1997, within the limitations period after application of the tolling provision. Appellee argues, however, that not all the time spent in state court can be counted toward tolling the limitations period because the post-conviction application was not "properly filed." *See* 28 U.S.C. § 2244(d)(2); *Hoggro*, 150 F.3d at 1226 n.4. The district court did not reach this argument because it held that the tolling provision did not apply.

This court granted a certificate of appealability on April 6, 1998.

We **REVERSE** the district court's dismissal of the § 2254 petition as time-barred. We **REMAND** this case to the district court in light of *Hoggro* and for

-7-

consideration of appellee's argument regarding the amount of time, if any, that should be tolled. If the district court finds that the state application was properly filed, the § 2254 petition was timely, and the district court is instructed to proceed accordingly.

<u>98-6073</u>

In this case the district court concluded that the tolling provision does not apply to the judicially created grace period. In light of *Hoggro*, this conclusion was error. However, even applying the tolling provision in this case does not save the § 2254 petition from being time-barred. Petitioner filed his state post-conviction proceeding on March 17, 1997, and the Oklahoma Court of Criminal Appeals affirmed the denial of relief on July 30, 1997, resulting in a total of 136 days that the limitations period was tolled. Adding these days to the April 23, 1997 deadline, petitioner's § 2254 petition should have been filed on or before September 7, 1997. Since September 7th fell on a Sunday, petitioner had until Monday, September 8, 1997. The § 2254 petition was filed on September 9, 1997, one day after the expiration of the limitations period. Therefore, the petition was time-barred.

This court granted a certificate of appealability on April 6, 1998. Even though the district court erred in concluding that the tolling provision did not apply to the judicially created grace period, we can affirm on any basis supported

-8-

by the record, *see United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994). Because the petition was untimely even after application of the tolling provision, we **AFFIRM** the district court's dismissal of the petition as time-barred.

<u>98-6057</u>

In light of our holding in *Hoggro*, the district court's conclusion that the statutory tolling provision does not apply to the judicially created grace period was error. We note that the magistrate judge made specific findings regarding the dates relevant to applying the tolling provision. *See* Findings and Recommendation of Magistrate Judge at 4-5. The district court adopted the magistrate judge's findings and recommendation in their entirety, *see* District Court Order at 2, but it specifically held that the tolling provision did not apply to the grace period.

We **GRANT** the application for a certificate of appealability. We **REVERSE** the district court's dismissal of the petition as time-barred, and we **REMAND** this case to the district court for application of the tolling provision. We note that there appears to be some question regarding the amount of time that petitioner had a "properly filed" post-conviction application pending in state court, and we are unable to reconcile the magistrate judge's time calculations. The district court must make findings on remand regarding the

amount of time that should be tolled, and it should add that time onto the end of the judicially created grace period deadline of April 23, 1997.

## 98-2094

Even though the district court's order dismissing the § 2254 petition as time-barred was entered before our decision in *Hoggro*, the district court adopted the magistrate judge's recommendation that the limitations period be tolled while petitioner's state court post-conviction application was pending. The state court post-conviction proceedings in this case were pending for 80 days. Adding the 80 days to the end of the judicially created grace period gave petitioner until July 14, 1997[2] to file his petition. Because the § 2254 petition was filed on August 4, 1997, it was untimely.

We **GRANT** the application for a certificate of appealability, and we **AFFIRM** the district court's dismissal of the § 2254 petition as untimely.

## 98-6221

In light of our holding in *Hoggro*, the district court's finding that the tolling provision did not apply during the judicially created grace period was error. Even applying the tolling provision, however, petitioner's § 2254 petition

---

[2] Because the deadline fell on a Saturday (July 12, 1997), petitioner had until Monday, July 14, 1997, to file the petition.

-10-

was untimely. Petitioner's state habeas petition was pending in state court from April 8, 1997, until July 17, 1997, for a total of 101 days. Tolling the limitations period for 101 days resulted in a filing deadline of August 4, 1997. [3] The § 2254 petition was filed on January 21, 1998, well outside the limitations period.

We **GRANT** the application for a certificate of appealability, and, because we can affirm on any basis supported by the record, *see Sandoval*, 29 F.3d at 542 n.6, we **AFFIRM** the district court's dismissal of the § 2254 petition as untimely. Because the fees in this appeal have been paid, we **DENY** the application to proceed without prepayment of costs or fees as moot.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[3] Because the deadline fell on a Sunday (August 3, 1997), petitioner had until Monday, August 4, 1997 to file the petition.